FILED

2013 NOV 13  PM 2: 06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

1   Elaine T. Byszewski (SBN 222304)
    HAGENS BERMAN SOBOL SHAPIRO LLP
2   301 North Lake Avenue, Suite 203
    Pasadena, CA  91101
3   Telephone (213) 330-7150
    Facsimile (213) 330-7152
4   E-mail:  elaine@hbsslaw.com

5   Steve W. Berman (*pro hac vice pending*)
    Sean R. Matt (*pro hac vice pending*)
6   HAGENS BERMAN SOBOL SHAPIRO LLP
7   1918 Eighth Avenue, Suite 3300
    Seattle, WA  98101
8   Telephone (206) 623-7292
    Facsimile (206) 623-0594
9   E-mail:  steve@hbsslaw.com
    E-mail:  sean@hbsslaw.com
10

11  Mark P. Robinson, Jr. (SBN 054426)
    ROBINSON, CALCAGNIE & ROBINSON
12  620 Newport Center Drive, 7th Floor
    Newport Beach, CA  92660
13  Telephone (949) 720-1288
    Facsimile (949) 720-1292
14  E-mail:  mrobinson@rcrlaw.net

15  *Attorneys for Plaintiffs*

16

17                  UNITED STATES DISTRICT COURT

18                  CENTRAL DISTRICT OF CALIFORNIA

19

20  CONSTANCE SIMS and  SAMMY        | Case No.    **SACV13-01791 AG (DFMx)**
    RODRIGUEZ, individually and on behalf
21  of all others similarly situated,   | <u>CLASS ACTION</u>

22            Plaintiffs,              | **CLASS ACTION COMPLAINT**

23  v.

24  KIA MOTORS AMERICA, INC., and      | **JURY TRIAL DEMANDED**
    KIA MOTORS CORPORATION,
25

26            Defendants.

27

28

─────────────────────────────────────────────
                 CLASS ACTION COMPLAINT

010399-11  645752 V1

Plaintiffs, for their Class Action Complaint, allege the following upon personal knowledge as to themselves and their own acts, and as to all other matters upon information and belief, based upon the investigation made by and through their attorneys:

## I.     INTRODUCTION

1.     The first priority of a car manufacturer should be to deliver a safe car, particularly a car with a safe gas tank.  A corollary of this rule is that a car manufacturer must take all reasonable steps to protect the gas tank from being dislodged and ruptured in an accident and to ensure that a gas tank fire does not immediately invade the passenger cabin.

2.     This case arises from the breach of both rules by defendants Kia Motors America, Inc. and Kia Motors Corporation (collectively, "Kia" or "defendants"), and this action seeks relief for injuries sustained as the result of defendants' design, manufacture, marketing, and sale of vehicles in the United States with defective gas tanks.

3.     Plaintiffs bring this class and representative action on behalf of a Class defined as all persons who purchased, leased and/or currently own or lease a Kia vehicle model that (i) has a gas tank that is either not connected to the underside of the vehicle with reinforcing straps or is not protected by a whole-tank shield, or (ii) has a plastic fuel pump service cover that is accessible from the passenger compartment of the car (hereinafter "Defective Vehicles").

4.     The Defective Vehicles contain gas tanks that are defective and dangerous for at least the following reasons (referred to collectively as the "gas tank defects"):

- 1 -

a.      The gas tank is located immediately underneath the rear passenger seats and forward of the cargo area and is not sufficiently protected. Locating the tank under the rear passenger seats poses a danger to occupants of the rear seats, and, for this reason, the gas tank must either be shielded or attached to the underside of the vehicle with reinforcing straps.  However, the gas tank in the Defective Vehicles is unshielded, and the gas tank is bolted to the vehicle underbody instead of being strapped.  Failure to use straps, as most auto manufacturers do, increases the risk that the gas tank will shift or dislodge and ignite in a major collision.

b.      The service cover for the fuel pump is plastic and is located immediately underneath the rear seat cushion.  It is unreasonably dangerous to locate the fuel pump here and use a plastic service cover, particularly given the other gas tank defects referenced immediately above.  This location, coupled with the use of a plastic instead of a metal fuel pump service cover, increases the likelihood that, in a major collision, fire will penetrate the rear cabin through the plastic service cover like a "blow torch."

5.      The gas tank defects make the Defective Vehicles unreasonably dangerous.  Because of the foregoing gas tank defects, passengers sitting in the rear seats in Defective Vehicles are sitting atop veritable gas bombs that, in a major collision, have the propensity to explode and immediately engulf rear occupants in flames.  There has been at least one accident in which this nightmare scenario resulted, killing three passengers traveling in a Defective Soul in Texas.

010399-11  645752 V1

6.      The gas tank defects present a significant and unreasonable safety risk exposing Defective Vehicle owners and their passengers to a risk of serious injury or death.

7.      Kia's sale of the Defective Vehicles and failure to disclose the gas tank defects constitute a violation of California's Unfair Competition Law, a violation of California's Consumer Legal Remedies Act, a violation of the California False Advertising Law, breach of the implied warranty of merchantability, and fraudulent concealment.[1]

8.      Plaintiffs and the Class have been damaged by Kia's misrepresentations, concealment and non-disclosure of the gas tank defects in the Defective Vehicles, and because they were misled into purchasing or leasing vehicles of a quality different than they were promised, and paid more for the vehicles than they would have had the gas tank defects been disclosed.

## II.      JURISDICTION AND VENUE

9.      This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a) and (d) because the amount in controversy for the Class exceeds $5,000,000, and Plaintiffs and other putative Class members are citizens of a different state than Defendants.

10.     This Court has personal jurisdiction over Plaintiffs because Plaintiffs submit to the Court's jurisdiction.  This Court has personal jurisdiction over the defendants because defendants conduct substantial business in this District.  Many of

---

[1] Should the Court decline to apply California law to claims of non-California residents Plaintiffs will seek leave to amend to allege the applicable laws in the fifty states.

010399-11  645752 V1

the actions giving rise to the complaint took place in this District, including all advertising and marketing decisions for the affected cars.

11.    Venue is proper in this District under 28 U.S.C. § 1391 because defendants, as corporations, are deemed to reside in any judicial district in which they are subject to personal jurisdiction, and because decisions about the design, manufacture, marketing, and sale of Defective Vehicles were made in the District. Additionally, defendants transact business within the District, and a substantial part of the events establishing the claims arose in this District.

12.    Upon information and belief, most, if not all, of the critical acts relating to the Defective Vehicles arose out of California.  Vehicle research and design and marketing and advertising are also in part developed, controlled, and implemented in and from California.

### III.    PARTIES

13.    Plaintiff Constance Sims ("hereinafter "Plaintiff Sims") is a resident of Fort Worth, Texas.  Plaintiff Sims owns a 2013 model year Kia Soul Sport.  Plaintiff chose the Soul Sport in part because she wanted a safely designed and manufactured vehicle.  Plaintiff Sims saw advertisements for Kia vehicles before she purchased the Soul, and, although she does not recall the specifics of many of the advertisements, she does recall that safety and quality were consistent themes across the advertisements she saw.  These representations about safety and quality influenced Plaintiff's decision to purchase the Soul.  Plaintiff Sims did not learn of the gas tank defects until about June 2013.  Had Kia disclosed the gas tank defects, Plaintiff Sims would not have purchased her Soul Sport, or would have paid less than she did.

- 4 -

010399-11  645752 V1

14.     Plaintiff Sammy Rodriguez ("hereinafter "Plaintiff Rodriguez") is a resident of Orange, California.  Plaintiff owns a 2011 model year Kia Soul Exclaim and a 2013 model year Kia Soul Exclaim.  Plaintiff Rodriguez chose both Kia vehicles in part because he wanted a safely designed and manufactured vehicle. Plaintiff Rodriguez saw advertisements for Kia vehicles before he purchased both Souls, and, although he does not recall the specifics of many of the advertisements, he does recall that safety and quality were consistent themes across the advertisements he saw.  These representations about safety and quality influenced Plaintiff's decision to purchase both Kia Souls.  Plaintiff Rodriguez did not learn of the gas tank defects until about November 2013.  Had Kia disclosed the gas tank defects, Plaintiff Rodriguez would not have purchased either Soul Exclaim, or would have paid less than he did.

15.     Defendant Kia Motors America, Inc. is a California corporation with its principal place of business located at 111 Peters Canyon Road in Irvine, California. At all relevant times, Kia was actively involved, from its facilities and also from its Irvine headquarters, in designing, marketing, distributing, and selling Defective Vehicles in California and the United States.

16.     Defendant Kia Motors Corporation ("KMC") is a Korean corporation headquartered in Seoul, Korea.  Kia Motors America is a subsidiary of KMC.  At all relevant times, KMC was actively involved in designing, manufacturing, assembling, marketing, distributing, and selling Defective Vehicles in California and the United States.

1

## IV.   FACT ALLEGATIONS

2

**A.   Vehicle Manufacturers Must Design and Build Vehicles with Safe Gas Tanks**

3

4

17.   Because a gas tank is filled with a highly volatile liquid, it poses a

5

hazard to the occupants of the car.  For example, in a collision, a gas tank that is not

6

properly protected can leak or explode and engulf the car and its occupants in flames.

7

18.   Perhaps the most notorious example of a dangerous gas tank is provided

8

9

by the Ford Pinto models of the late 1960s and early 1970s.  The fuel tank in these

10

Pintos was positioned behind the rear axle and in front of the rear bumper and

11

suffered from other flaws, such as an insufficiently reinforced filler neck that would

12

tear away from the tank in a collision and spill fuel beneath the car.  As a result of

13

these defects, the Pinto gas tank had a propensity to burst into flames in even low-

14

speed collisions.  Numerous people burned to death in collisions involving the Pinto,

15

leading to many lawsuits in which it was revealed that Ford was aware of the dangers

16

presented by the defective tanks but made the decision to sell the Pinto anyway

17

because the projected costs to Ford of remedying the defect outweighed Ford's

18

estimate of the total damage payouts that it would be exposed to for wrongful deaths

19

and personal injuries.  The National Highway Traffic Safety Administration

20

21

("NHTSA") eventually forced a recall.

22

19.   Given the hazards posed by a vehicle's gas tank, vehicle manufacturers

23

must take reasonable steps to design and manufacture a gas tank that is not

24

susceptible to failure in collisions and that, if fire in the gas tank does result, the fire

25

does not immediately explode into the passenger cabin of the vehicle so that

26

occupants have an opportunity to escape the burning car.

27

28

010399-11 645752 V1

20.     Over the years, vehicle manufacturers have made certain design and manufacturing decisions to protect the gas tank against failure in collisions.  For example, most manufacturers place the gas tank above or in front of the rear axle and not immediately behind the rear bumper (as was done in the early Pinto models), so that the tank cannot be easily penetrated in rear collisions.

21.     Another standard safety device is to shield or strap the gas tank.  Almost all cars sold in the United States have a gas tank that is either protected by a shield or reinforcing straps.

22.     A gas tank shield is made of a separate piece of sheet metal, which holds the gas tank in place and substantially improves the tank's ability to withstand puncture in an accident.

23.     Reinforcing straps tie the gas tank to the frame of the vehicle and ensure that the tank will not dislodge or drop in an accident.  Below is a photograph of the underside of a non-Kia vehicle (a 2006 Honda civic) that has its gas tank secured with straps:

010399-11  645752 V1

1
2
3
4
5
6
7
8
9
10
11
12
13



14        24.     Failure to use a gas tank shield or reinforcing straps, as most auto

15  manufacturers do, increases the risk that the gas tank will dislodge and ignite in a

16  major collision.
17
18        25.     Other safe design and manufacturing considerations must be given to

19  the vehicle's fuel pump.  The fuel pump transmits the gas from the tank to the

20  engine, and it must be located in a safe place.  Although not common, in some

21  vehicle models, technicians can access the fuel pump through the passenger cabin if

22  the fuel pump needs service.  It is easier and less costly to access the fuel pump in
23
    this manner than it is to remove the fuel tank to access the pump when the fuel pump
24
    is located inside the gas tank itself.  But when the fuel pump is accessible through the
25
26  passenger cabin, manufacturers must ensure that the "service cover" for the fuel

27
28

010399-11  645752 V1

pump is made of metal and appropriately affixed so that a fire in gas tank cannot quickly melt through the cover and invade the vehicle.

26.      Unfortunately, and as discussed in greater detail below, Kia has not heeded the foregoing safe design and manufacturing guidelines in the Defective Vehicles and has, as a result, unnecessarily exposed its customers and their passengers to an enhanced risk of serious injury or death in the event of an accident.

**B.      The Gas Tank Defects in the Defective Vehicles**

      **1.      The gas tank in the Defective Vehicles lacks the crucial protections provided by shielding and strapping.**

27.      In the Defective Vehicles, the gas tank is located just forward of the rear axle and immediately under the rear passenger seats, as depicted in red in the following photograph of a Defective Soul:



28.     Given the gas tank's location and proximity to the rear passengers, the tank must be designed and manufactured in a manner that ensures the safety of those in the car.  It was not.

29.     In the Defective Vehicles, Kia failed to shield or strap the gas tank – omitting both of these crucial protections.  It did so despite the fact that Kia has straps in certain models.

30.     Again, failing to use a gas tank shield or reinforcing straps increases the risk that the gas tank will dislodge and ignite in a major collision.  The risk is particularly heightened in the Defective Vehicles because of the gas tank's location immediately under the rear passenger seats.

31.     This is a defect and presents a significant safety risk exposing Defective Vehicle owners and their passengers to a risk of serious injury or death in the event of an accident.

32.     Kia is well aware of the need to affix the gas tank by using reinforcing straps.  Kia has used straps on some of its vehicles and issued a recall in 2011 of 2003-2007 model year Spectra's in northern climates where road salt is used.  As the recall notice explained:

> THERE IS A POSSIBILITY THAT CORROSION OF THE FUEL TANK STRAPS WHICH HOLD THE TANK MAY OCCUR AS A RESULT OF PROLONGED EXPOSURE TO ROAD SALT. AS A RESULT OF THE CORROSION, ONE OR BOTH STRAPS MAY SEPARATE ALLOWING THE FUEL TANK TO CONTACT THE GROUND AND POSSIBLY DISRUPT THE INTEGRITY OF THE TANK.  **CONSEQUENCE**: THE FUEL TANK CAN FALL FROM THE VEHICLE AND STRIKE THE GROUND WHICH COULD CAUSE A FUEL LEAK. LEAKING FUEL CAN CREATE A FIRE HAZARD.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**2.    The fuel pump cover in the Defective Vehicles is located immediately under the rear seat cushion and is made of plastic, increasing the likelihood of a "blow torch" fire in the rear compartment.**

33.    The service cover for the fuel pump is plastic and is located underneath the rear seat cushion as shown in the following photographs taken of a Defective Soul:



1
2
3
4
5
6
7
8
9
10
11
12
13
14



15
16
17

34.     Thus, the only thing separating the rear passenger from these plastic fuel pump service covers is the seat cushion on which the passenger sits.

18
19
20
21
22
23
24

35.     This is a ***highly*** dangerous location for a fuel pump service cover made of plastic, ***particularly given the other gas tank defects itemized above that already make the gas tank unreasonably dangerous***.  This location, coupled with the use of a plastic instead of a metal fuel pump service cover that is screwed to the floor pan of the vehicle, increases the likelihood that fire will penetrate the rear cabin in a "blow torch" effect in a major collision.

25
26
27

36.     This is a defect and presents a significant safety risk exposing Defective Vehicle owners and their passengers to a risk of serious injury or death in the event of an accident.

28

**C.    Kia Falsely Promoted the Defective Vehicles as Safe**

37.    In marketing and advertising materials, Kia has consistently promoted the Defective Vehicles as safe.

38.    For example, in brochures for the Sedona, Optima, Forte, and Cadenza, Kia promotes its vehicles as "DESIGNED TO HELP PROTECT DRIVER & PASSENGERS."

39.    Kia also advertised and promoted the quality of its vehicles.  Examples include its "Pride of Quality" slogan, which appeared in a brochure for its Rio model, under which Kia explains:

> **PRIDE OF QUALITY**
>
> Kia Motors designs and develops vehicles and rigorously puts them to the test at high-tech facilities and proving grounds worldwide.
> The result is a full line of vehicles with world-class quality.

40.    Another example is Kia's "Delivering on a promise" pledge, which appeared in brochures for the Sedona, Optima, Forte, Cadenza, and Sorento models:

> **Delivering on a promise**
>
> Kia is committed to producing world-class vehicles to suit almost every driving need. This promise has led to the development of stylish vehicles with an extraordinary combination of precision engineering, outstanding performance, innovative features and advanced safety systems.  The value found in every Kia vehicle has been widely recognized . . . .

41.    Examples of other advertising and promotional material for the Defective Soul include the following safety representations:

> "Safety engineering for your peace of mind."

- 13 -

"Advanced safety systems designed to expect the unexpected."

"Soul's active safety systems are engineered to help you avoid accidents, and its passive systems are designed to help minimize injuries when they are unavoidable.  This means that front to back and top to bottom, Soul is engineered to help ensure everyone's well-being. . . .  The result?  A whole lot of peace of mind."

"Safety awards from IIHS and NHTSA for added peace of mind."

42.     Kia also promoted the Soul, Sorento, and Optima as a "Top Safety Pick"[2] with "advanced safety systems," with "safety awards from IIHS and NHTSA for added peace of mind."

43.     A brochure/advertisement for the 2013 Soul proclaims that the Kia Soul is a "2012 Top Safety Pick Insurance Institute For Highway Safety" and that this award provided added "peace of mind."

44.     Given the gas tank defects itemized above, marketing statements that the Defective Vehicles are safe, are "world class," and have "world-class quality" are false and misleading.

45.     Kia made these representations to boost vehicle sales knowing that the gas tanks in the Defective Vehicles were defective.

46.     Throughout the relevant period, Kia possessed vastly superior information to that of consumers – if not exclusive information – about the design and function of the gas tanks in the Defective Vehicles.

47.     To date, Kia has never notified consumers of the gas tank defects.

_____

[2] 2012 Brochure.

- 14 -

**D.**     **The Gas Tank Defects Have Damaged Plaintiffs and the Class**

48.     The gas tank defects have caused damage to Plaintiffs and the Class.

49.     A car purchased or leased with a defect is worth less than the equivalent car leased or purchased without the defect.

50.     A car purchased or leased under the reasonable assumption that it is "safe" as advertised is worth more than a car known to be subject to the risk of explosion in a crash as a result of the gas tank defects.

51.     Purchasers and lessees paid more for the Defective Vehicles, through a higher purchase price or higher lease payments, than they would have had the gas tank defects been disclosed.  Thus, Plaintiffs and the Class overpaid for their Defective Vehicles as a result of the gas tank defects.  Plaintiffs did not receive the benefit of the bargain.

52.     Furthermore, Plaintiffs and the Class are stuck with unsafe vehicles.

53.     Indeed, there has been at least one accident in which the gas tank was dislodged in an accident involving a Defective Vehicle.  For example, in April 2013, a Defective Soul exploded in a collision in Texas as a result of the gas tank defects, and all three passengers in the rear compartment of the car burned to death.

**E.**     **Choice of Law Allegations**

54.     Upon information and belief, a substantial amount, if not most, of the critical acts that form the basis for each and every Plaintiff and Class member's claims against Kia emanated out of California, including Kia's decisions regarding the design and manufacture of the Defective Vehicles' gas tank systems.

55.     Kia is headquartered in Irvine, California.

010399-11  645752 V1

56.     Kia's headquarters in Irvine houses the Kia U.S. sales division, and its marketing, public relations, consumer affairs, technical service, research and development, product planning, and administration departments.

57.     The Irvine, California, facility is also home to the Kia Design Center America, a 236,000 square foot campus on 21.7 acres.

58.     Tom Kearns, the Chief Designer for Kia Motors America, has said that the Defective Soul "was a collaborative effort between our design studio in California and our design studio in Korea."

59.     Kia's proving grounds are located in California City, California.  The California proving ground is where performance and endurance tests are conducted on all Kia vehicles sold in the U.S.

60.     Kia also contracts with the Los Angeles-based creative agency David & Goliath for all its advertising campaigns.

61.     All marketing and advertising campaigns falsely promoting the Defective Vehicles as safe and reliable were conceived and designed in California.

62.     Kia also has many dealerships in California (approximately 52), which produce approximately 15-20 percent of its total sales.

## V.     CLASS ALLEGATIONS

**A.     The Nationwide Class**

63.     Pursuant to Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and a Nationwide Class initially defined as follows:

> All individuals or entities that purchased, leased, and/or currently own or lease a Kia vehicle model that (i) has a gas tank that is either not connected to the underside of the

- 16 -

vehicle with reinforcing straps or is not protected by a whole-tank shield, or (ii) has a plastic fuel pump service cover that is accessible from the passenger compartment of the car (hereinafter "Defective Vehicles").

64.    Excluded from the Nationwide Class are Kia, its employees, co-conspirators, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies; class counsel and their employees; and the judicial officers and their immediate family members and associated court staff assigned to this case, and all persons within the third degree of relationship to any such persons.  Also excluded are any individuals claiming damages from personal injuries allegedly arising from the Kia Soul.

65.    The Defective Vehicles included in the Class are at least the following models:  Model year 2010-2013 Kia Soul, Kia Soul + (*plus*), Kia Soul! (*exclaim*), or Kia Soul Sport (hereinafter "Defective Soul").

66.    Plaintiffs are informed and believe that Kia manufactured and sold to consumers hundreds-of-thousands of Defective Vehicles in the United States through the present.  All of these vehicles were marketed and sold with gas tank defects.  Accordingly, individual joinder of all class members is impracticable.

67.    The Class expressly disclaims any recovery for physical injury resulting from the gas tank defects.  Nevertheless, the increased risk of injury from the gas tank defects serves as an independent justification for the relief sought by plaintiffs and the Class.

68.    The Class can be readily identified using registration records, sales records, production records, and other information kept by defendants or third parties in the usual course of business and presently within their control.

69.     Questions of law and fact are common to the Class and predominate over questions affecting only individual members, including, *inter alia,* the following:

(a)     Whether the Defective Vehicles suffer from gas tank defects;

(b)     Whether Kia concealed the defects;

(c)     Whether Kia misrepresented that the Defective Vehicles were safe;

(d)     Whether Kia engaged in fraudulent concealment;

(e)     Whether Kia engaged in unfair, unlawful and/or fraudulent business practices by failing to disclose that the Defective Vehicles were designed, manufactured and sold with defective gas tanks;

(f)     Whether the alleged conduct by Kia violated laws as alleged in this Complaint;

(g)     Whether defendants violated California law, including the CLRA, CAL. CIV. CODE §§ 1750, *et seq.*; the UCL, CAL. BUS. & PROF. CODE §§ 17200, *et seq.*, and the California False Advertising Law, CAL. BUS. & PROF. CODE §§ 17500, *et seq.*;

(h)     Whether Plaintiffs and the members of the Class are entitled to equitable and/or injunctive relief; and

(i)     Whether defendants' unlawful, unfair and/or deceptive practices harmed Plaintiffs and the members of the Class.

70.     Plaintiffs' claims are typical of the claims of the Class members as described above, and arise from the same course of conduct by Kia.  The relief Plaintiffs seek is typical of the relief sought for the absent Class members.

- 18 -

71.     Plaintiffs will fairly and adequately represent and protect the interests of all absent Class members.  Plaintiffs are represented by counsel competent and experienced in product liability, consumer protection, and class action litigation.

72.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all the individual Class members is impracticable.  Furthermore, because the damages suffered by each individual Class member may be relatively small, the expense and burden of individual litigation would make it very difficult or impossible for individual Class members to redress the wrongs done to each of them individually, and the burden imposed on the judicial system would be enormous.

73.     The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for defendants.  In contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class member.

74.     Plaintiffs are not aware of any obstacles likely to be encountered in the management of this action that would preclude its maintenance as a class action. Plaintiffs anticipate providing appropriate notice to be approved by the Court after discovery into the size and nature of the Class.

010399-11  645752 V1

# VI.   CAUSES OF ACTION

## COUNT I

### VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT
#### (CAL. CIV. CODE § 1750, *et seq*.)

75.     Plaintiffs and the Class incorporate by reference each preceeding and succeeding paragraph as though fully set forth at length herein.

76.     Plaintiffs assert this claim for violation of the California Consumer Legal Remedies Act ("CLRA") on behalf of Plaintiffs and the members of the Class.

77.     Defendants are "persons" under CAL. CIV. CODE § 1761(c).

78.     Plaintiffs and the members of the Class are consumers who purchased goods (automobiles) from defendants for personal, family, or household purposes.

79.     Representing that goods (including automobiles) have characteristics, uses, or benefits which they do not have, representing that goods are of a particular standard, quality or grade if they are of another, and advertising goods with intent not to sell them as advertised constitute unfair or deceptive trade practices under the provisions of the CLRA, CAL. CIV. CODE §§ 1770(a)(5), (7), and (14).

80.     Defendants made numerous material statements about the safety and quality of the Defective Vehicles that were either false or misleading.  Defendants misrepresented that the Defective Vehicles were safe, that the vehicles incorporated "[a]dvanced safety systems," were of "world-class" quality, were a "top safety pick," and that the Soul was "engineered to help ensure everyone's well-being."  Each of these statements contributed to the deceptive context of defendants' unlawful advertising and representations as a whole.

010399-11 645752 V1

81.     These representations were material to Plaintiffs and the Class.  If Plaintiffs and the Class had known that the Defective Vehicles had the gas tank defects, Plaintiffs and the Class would not have purchased or leased them or paid as much for the vehicles as they did.  Whether the Defective Vehicles have gas tank defects is a fact that a reasonable consumer would consider important in selecting a vehicle to purchase or lease.

82.     Defendants knew of the gas tank defects because they knew that most other car models had either gas tank shields or straps.  Despite this knowledge prior to the manufacture and sale of the Defective Vehicles, defendants uniformly concealed this defect from consumers.  Despite having a duty to warn Plaintiffs about the inherent dangers presented by this defect, defendants have failed to do so.

83.     Plaintiffs and the members of the Class have been directly and proximately injured by defendants' conduct.

84.     Further, each of the Plaintiffs face an increased risk of future harm that would not be present if defendants had not designed, manufactured, and sold vehicles that had the gas tank defects.  Plaintiffs risk irreparable injury as a result of defendants' acts and omissions in violation of the CLRA, and these violations present a continuing risk to plaintiffs as well as to the general public.

85.     Pursuant to CAL. CIV. CODE § 1780(a), Plaintiffs seek an order enjoining defendants from engaging in the methods, acts, or practices alleged herein and requiring it to remedy the Defective Vehicles' gas tank defects.  This can be done by affixing sheet metal over the plastic fuel pump service cover and adding reinforcing straps to hold the gas tank in place or adding a gas tank shield.  Plaintiffs on November 13, 2013 sent a letter complying with CAL. CIV. CODE § 1782(d).  After

- 21 -

mailing appropriate notice and demand under CIVIL CODE § 1782(a) & (d), Plaintiffs will subsequently amend this Complaint to also include a request for damages.

86.     Plaintiffs include affidavits with this Complaint that show that venue in this District is proper, to the extent such an affidavit is required by CAL. CIV. CODE § 1780(d).

## COUNT II

### VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW
(CAL. BUS. & PROF. CODE § 17200, *et seq.*)

87.     Plaintiffs and the Class incorporate by reference each preceeding and succeeding paragraph as though fully set forth at length herein.

88.     Plaintiffs assert this claim for violations of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.,* on behalf of themselves and the Class members.

89.     Defendants' misrepresentations, omissions, and concealment as alleged herein constitute unfair, unlawful and fraudulent business acts or practices that had the capacity to, and did, deceive consumers in violation of the UCL.

90.     Defendants have violated the unlawful prong of section 17200 by their violations of the Consumer Legal Remedies Act, CAL. CIV. CODE § 1750, *et seq*., as set forth in Count I by the acts and practices set forth in this Complaint.

91.     Defendants have violated the fraudulent prong of section 17200 because the misrepresentations and omissions regarding the safety of their vehicles as set forth in this Complaint were likely to deceive a reasonable consumer, and the information would be material to a reasonable consumer.

010399-11 645752 V1

92.     Defendants made numerous material statements about the safety and quality of the Defective Vehicles that were either false or misleading.  Defendants misrepresented that the Defective Vehicles were safe, that the vehicles incorporated "[a]dvanced safety systems," were of "world-class" quality, were a "top safety pick," and that the Soul was "engineered to help ensure everyone's well-being."  Each of these statements contributed to the deceptive context of defendants' unlawful advertising and representations as a whole.

93.     These representations were material to plaintiffs and the Class.  If plaintiffs and the Defective Vehicles had gas tank defects, Plaintiffs and the Class would not have purchased or leased them or paid as much for the vehicles as they did.  Whether the Defective Vehicles have gas tank defects is a fact that a reasonable consumer would consider important in selecting a vehicle to purchase or lease.

94.     Defendants knew of the defect because they knew that most other car models had either gas tank shields or straps and/or in-compartment fuel pump service caps made of steel.  Despite this knowledge prior to the manufacture and sale of the Defective Vehicles, defendants uniformly concealed this defect from consumers.  Despite having a duty to warn Plaintiffs about the inherent dangers presented by these defects, defendants have failed to do so.

95.     Defendants have violated the unfair prong of section 17200 because the acts and practices set forth in the Complaint, including the manufacture and sale of vehicles with the gas tank defects and defendants' failure to adequately investigate, disclose and remedy, offend established public policy, and because the harm they cause to consumers greatly outweighs any benefits associated with those practices.  Defendants' conduct has also impaired competition within the automotive vehicles

market and has prevented Plaintiffs from making fully informed decisions about whether to purchase or lease the Defective Vehicles and/or the price to be paid to purchase or lease the Defective Vehicles.

96.     All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of defendants' business.  Defendants' wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated, both in the State of California and nationwide.

97.     Plaintiffs have suffered an injury in fact, including the loss of money or property, as a result of defendants' unfair, unlawful and/or deceptive practices.

98.     Plaintiffs request that this Court enter such orders or judgments as may be necessary to:  enjoin defendants from continuing their unfair, unlawful, and/or deceptive practices; restore to the Class members any money defendants acquired by means of unfair, unlawful and deceptive trade practices; and disgorge any profits defendants received as a result of their unfair, unlawful and/or deceptive practices, as provided in CAL. BUS. & PROF. CODE § 17203 and CAL. CIV. CODE § 3345; and for such other relief set forth below.

## COUNT III

### FALSE ADVERTISING
### (CAL. BUS. & PROF. CODE § 17500, *et. seq.*)

99.     Plaintiffs and the Class incorporate by reference each preceeding and succeeding paragraph as though fully set forth at length herein.

485.   California Business and Professions Code § 17500 states:  "It is unlawful for any … corporation … with intent directly or indirectly to dispose of real or personal property … to induce the public to enter into any obligation relating

- 24 -

thereto, to make or disseminate or cause to be made or disseminated … from this state before the public in any state, in any newspaper or other publication, or any advertising device, … or in any other manner or means whatever, including over the Internet, any statement … which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

486.   Defendants caused to be made or disseminated through California and the United States, through advertising, marketing and other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to defendants, to be untrue and misleading to consumers and Plaintiffs.

100.   Defendants made numerous material statements about the safety and quality of the Defective Vehicles that were either false or misleading.  Defendants misrepresented that the Defective Vehicles were safe, that the vehicles incorporated "[a]dvanced safety systems," were of "world-class" quality, were a "top safety pick," and that the Soul was "engineered to help ensure everyone's well-being."  Each of these statements contributed to the deceptive context of defendants' unlawful advertising and representations as a whole.

487.   Defendants have violated section 17500 because the misrepresentations and omissions regarding the safety and quality of their vehicles as set forth in this Complaint were material and likely to deceive a reasonable consumer.

488.   Plaintiffs and members of the Class have suffered an injury in fact, including the loss of money or property, as a result of defendants' unfair, unlawful and/or deceptive practices.  In purchasing or leasing their vehicles, the Plaintiffs

relied on defendants' misrepresentations and/or omissions with respect to the safety and quality of the vehicles. Defendants' representations turned out not to be true because of the gas tank defects. Had the Plaintiffs known this, they would not have purchased or leased the Defective Vehicles and/or paid as much for them.

489.   Accordingly, Plaintiffs overpaid for their Defective Vehicles and did not receive the benefit of their bargain.

490.   All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated, both in the State of California and nationwide.

491.   Plaintiffs request that this Court enter such orders or judgments as may be necessary to enjoin defendants from continuing their unfair, unlawful, and/or deceptive practices and to restore to Plaintiffs and members of the Class any money defendants' acquired by unfair competition, including restitution and/or restitutionary disgorgement, and for such other relief set forth below.

## COUNT IV

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
#### (CAL. COM. CODE § 2314)

101.   Plaintiffs and the Class incorporate by reference each preceeding and succeeding paragraph as though fully set forth at length herein.

102.   Defendants are and were at all relevant times a merchant with respect to motor vehicles under CAL. COM. CODE § 2104.

103.   A warranty that the Defective Vehicles were in merchantable condition was implied by law in the instant transaction, pursuant to CAL. COM. CODE § 2314.

- 26 -

104.   The Defective Vehicles, when sold and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which cars are used.  Specifically, the Defective Vehicles are inherently defective as a result of the gas tank defects, are not safe for occupants and thus not fit for ordinary purposes.

105.   Defendants breached the warranty of merchantability implied by law for the Defective Vehicles.

106.   Notice of breach is not required because Plaintiffs and Class members did not purchase their automobiles from defendants directly.

107.   Plaintiffs and Class members are intended third-party beneficiaries of contracts between Kia and its dealers, who have no rights under the warranty agreements provided with the vehicles.  Such agreements were intended to benefit the ultimate consumers, and the Plaintiffs and Class members are intended beneficiaries of defendants' implied warranties.

108.   As a direct and proximate result of defendants' breach of the implied warranty of merchantability, Plaintiffs and the Class have been damaged in an amount to be proven at trial.

## COUNT V
## FRAUDULENT CONCEALMENT

109.   Plaintiffs and the Class incorporate by reference each preceeding and succeeding paragraph as though fully set forth at length herein.

110.   Defendants concealed and/or suppressed material facts concerning the gast tank defects.

111.   Defendants had a duty to disclose the gas tank defects because they consistently marketed the Defective Vehciles as safe, that the vehicles incorporated

- 27 -

"[a]dvanced safety systems," were of "world-class" quality, were a "top safety pick," and that the Soul was "engineered to help ensure everyone's well-being." Once defendants made these safety and quality representations to the public, defendants were under a duty to disclose omitted facts regarding the gas tank defects, because where one does speak one must speak the whole truth and not conceal any facts which materially qualify those facts stated. One who volunteers information must be truthful, and the telling of a half-truth calculated to deceive is fraud.

112. In addition, defendants had a duty to disclose these omitted material facts because they were known and/or accessible only to defendants who have superior knowledge and access to the facts, and defendants knew they were not known to or reasonably discoverable by Plaintiffs and the Class. These omitted facts were material because they directly impact the safety of the Defective Vehicles. Whether a gas tank is designed and manufactured with appropriate safeguards is a material safety concern.

113. Defendants actively concealed and/or suppressed these material facts, in whole or in part, with the intent to induce Plaintiffs and the Class to purchase or lease Defective Vehicles at a higher price for the vehicles, which did not match the vehicles' true value.

114. Defendants know and knew that gas tanks must be shielded or strapped, yet they chose not to adopt either protection in order to save money. The same is true of defendants' decision to use a plastic fuel pump service cover instead of a metal one.

115. Defendants still have not made full and adequate disclosure and continue to defraud Plaintiffs and the Class.

- 28 -

116.   Plaintiffs and the Class were unaware of these omitted material facts and would not have acted as they did if they had known of the concealed and/or suppressed facts.  Plaintiffs' and the Class's actions were justified.  Defendants were in exclusive control of the material facts and such facts were not known to the public, plaintiffs, or the Class.

117.   As a result of the concealment and/or suppression of the facts, Plaintiffs and the Class sustained damage.  For those Plaintiffs and Class members who elect to affirm the sale, these damages, pursuant to CAL. CIV. CODE § 3343, include the difference between the actual value of that which Plaintiffs and the Class members paid and the actual value of that which they received, together with additional damages arising from the sales transaction, amounts expended in reliance upon the fraud, compensation for loss of use and enjoyment of the property, and/or lost profits.  For those Plaintiffs and Class members who want to rescind the purchase, then those Plaintiffs and Class members are entitled to restitution and consequential damages pursuant to CAL. CIV. CODE § 1692.

118.   Defendants' acts were done maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and the Class's rights and well-being to enrich Defendants.  Defendants' conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf all others similarly situated, respectfully request that this Court enter a judgment against defendants and in favor of Plaintiffs, and grant the following relief:

010399-11  645752 V1

A.      Determine that this action may be maintained as a Class action and certify it as such under Rule 23(b)(3), or alternatively certify all issues and claims that are appropriately certified; and designate and appoint Plaintiffs as Class Representatives and their counsel as Class Counsel;

B.      Declare, adjudge and decree the conduct of the defendants as alleged herein to be unlawful, unfair and/or deceptive, and enjoin any such future conduct;

C.      Award Plaintiffs and Class members actual, compensatory damages, as proven at trial, except in those situations where actual damage does not exceed the minimum statutory damage, in which case the statutory minimum damage should be awarded;

D.      Alternatively, if elected by Plaintiffs and the Class, require defendant to repair the defective gas tanks or provide a comparable vehicle that do not have gas tank defects;

E.      Award Plaintiffs restitution of all monies paid to defendants as a result of unfair business practices;

F.      Award Plaintiffs and the Class members exemplary damages in such amount as proven at trial;

G.      Award Plaintiffs and the Class members their reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest; and

H.      Award Plaintiffs and the Class members such other further and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

010399-11 645752 V1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY TRIAL DEMAND

Plaintiffs, by counsel, request a trial by jury on their legal claims, as set forth herein.

DATED: November 13, 2013            HAGENS BERMAN SOBOL SHAPIRO LLP


By: _____
    Elaine T. Byszewski (SBN 222304)
    301 North Lake Avenue, Suite 203
    Pasadena, CA 91101
    Telephone: (213) 330-7150
    Facsimile: (213) 330-7152
    E-mail: elaine@hbsslaw.com

    Steve W. Berman
    Sean R. Matt
    HAGENS BERMAN SOBOL SHAPIRO LLP
    1918 Eighth Avenue, Suite 3300
    Seattle, WA 98101
    Telephone: (206) 623-7292
    Facsimile: (206) 623-0594
    E-mail: steve@hbsslaw.com

    Mark P. Robinson, Jr.
    (SBN 054426)
    ROBINSON, CALCAGNIE & ROBINSON
    620 Newport Center Drive, 7th Floor
    Newport Beach, CA 92660
    Telephone: (949) 720-1288
    Facsimile: (949) 720-1292
    E-mail: mrobinson@rcrlaw.net

010399-11 645752 V1

1    I, Constance Sims, do hereby declare and state as follows:

2        1.    I am a party plaintiff in *Constance Sims and Sammy Rodriguez,*

3    *individually and on behalf of all others similarly situated v. Kia Motors America,*

4    *Inc. and Kia Motors Corporation, Defendants.*  Pursuant to Cal. Civ. Code §

5    1780(d), I make this declaration in support of the Class Action Complaint and the

6

7    claim therein for relief under Cal. Civ. Code § 1780(a).  I have personal knowledge

8    of the facts stated herein and, if necessary, could competently testify thereto.

9        2.    This action for relief under Cal. Civ. Code § 1780(a) has been

10   commenced in a county that is a proper place for trial of this action because

11   Defendants do business in this District (the Central District of California) and

12   throughout the State of California.

13

14

15   This declaration is signed under penalty of perjury under the laws of the State

16   of California and the United States this 13th day of November, 2013.

17

18                        By _____
                              Constance Sims
19

20

21

22

23

24

25

26

27

28

I, Sammy Rodriguez, do hereby declare and state as follows:

1.     I am a party plaintiff in *Constance Sims and Sammy Rodriguez, individually and on behalf of all others similarly situated v. Kia Motors America, Inc. and Kia Motors Corporation, Defendants*.  Pursuant to Cal. Civ. Code § 1780(d), I make this declaration in support of the Class Action Complaint and the claim therein for relief under Cal. Civ. Code § 1780(a).  I have personal knowledge of the facts stated herein and, if necessary, could competently testify thereto.

2.     This action for relief under Cal. Civ. Code § 1780(a) has been commenced in a county that is a proper place for trial of this action because Defendants do business in this District (the Central District of California) and throughout the State of California.


This declaration is signed under penalty of perjury under the laws of the State of California and the United States this ⁖ day of November, 2013.

By _____
        Sammy Rodriguez

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

CONSTANCE SIMS, individually and on behalf of all others similarly situated and SAMMY RODRIGUEZ, individually and on behalf of all others similarly situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

KIA MOTORS AMERICA, INC., and KIA MOTORS CORPORATION

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
Elaine T. Byszewski - HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 203
Pasadena, CA 91101
(213) 330-7150

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 5,000,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
State law claims subject to 28 U.S.C. § 1332(a) and (d).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☒ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:   **SACV13-01791 AG (DFMx)**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No<br><br>If "no, " go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | **A PLAINTIFF?**<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?**<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes  ☒ No<br><br>If "no, " go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☒ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | SOUTHERN DIVISION |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?    ☒ NO    ☐ YES

If yes, list case number(s):  _____

**IX(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?    ☐ NO    ☒ YES

If yes, list case number(s):  SACV 13-01269 CJC (JPRx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**    _____    DATE: November 13, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Andrew J. Guilford_____ and the assigned Magistrate Judge is _____Douglas F. McCormick_____ .

The case number on all documents filed with the Court should read as follows:

### SACV13-01791 AG (DFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____November 13, 2013_____
Date

By  Maria Barr _____
Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☒ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)          NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES