UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1791 AG (DFMx) | Date | March 31, 2014 |
|---|---|---|---|
| Title | CONSTANCE SIMS et al. v. KIA MOTORS AMERICA, INC. et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**     [IN CHAMBERS] ORDER GRANTING IN PART AND DENYING PART MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs Constance Sims and Sammy Rodriguez are owners of Kia vehicles they allege have gas tank defects. In their Second Amended Class Action Complaint, Plaintiffs sue Defendants Kia Motors America, Inc. and Kia Motors Corporation on behalf of a putative class of owners of Kia vehicles with defective gas tanks. (Second Amended Class Action Complaint ("SAC"), Dkt. No. 29.) Defendants have filed a Motion to Dismiss and/or Strike Allegations in Second Amended Class Action Complaint. (Motion, Dkt. No. 31.)

The Motion is GRANTED IN PART and DENIED IN PART. The Court DENIES the Motion as to standing, DISMISSES the claims under Rules 12(b)(6) and 9(b) with leave to amend those claims, STRIKES paragraph eighteen of the SAC, and declines to strike class allegations at this time.

**BACKGROUND**

The following facts are taken primarily from the Plaintiff's Complaint, whose allegations the Court accepts as true for the purposes of a motion to dismiss. *See Skilstaf, Inc., v. CVS*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1791 AG (DFMx) | Date | March 31, 2014 |
|---|---|---|---|
| Title | CONSTANCE SIMS et al. v. KIA MOTORS AMERICA, INC. et al. | | |

*Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

Plaintiffs allege that they purchased unsafe vehicles based on misleading advertisements promoting the safety and quality of the vehicles. Plaintiffs purchased Kia vehicles, and later learned about gas tank defects in the vehicles that increase "the risk that the gas tank will dislodge and ignite in a major collision." (*Id.* ¶¶ 13–14, 24.) Plaintiffs allege that these defects are the location of the fuel pump under the rear seat cushion, the use of a plastic service cover for the fuel pump, and that the gas tank is inadequately shielded and not reinforced with straps. (*Id.* ¶ 4.) These defects have resulted in "at least one accident" with a defective Kia vehicle in Texas, which resulted in the death of three passengers after the gas tank exploded. (*Id.* ¶ 5.)

Plaintiffs don't allege that the gas tanks in their vehicles have exploded. But they allege that they would not have purchased their vehicles, or would have paid less for them, had they known about the defects. (*Id.* ¶¶ 13–14.) Plaintiffs were influenced to purchase the vehicles by advertisements. Though Plaintiffs cannot "recall the specifics of many of the advertisements," they "recall that safety and quality were consistent themes." (*Id.*) Defendants promoted the vehicles as safe while knowing about the design defects of the gas tanks. (*Id.* ¶¶ 37–47.)

Plaintiffs sue on behalf of a putative, nationwide class, defined as: "All individuals or entities that purchased, leased, and/or currently own or lease a Kia vehicle model that (i) has a gas tank that is either not connected to the underside of the vehicle with reinforcing straps or is not protected by a whole-tank shield, or (ii) has a plastic fuel pump service cover that is accessible from the passenger compartment of the car (hereinafter 'Defective Vehicles.')." (*Id.* ¶ 63.) These Defective Vehicles include at least the 2010-2013 models of the Kia Soul, Kia Soul Plus, Kia Soul Exclaim, and Kia Soul Sport. (*Id.* ¶ 65.) Plaintiff Sims owns a 2013 Kia Soul Sport, and Plaintiff Rodriguez owns a 2011 and a 2013 Kia Soul Exclaim. (*Id.* ¶¶ 13–14.)

In their Second Amended Class Action Complaint, Plaintiffs allege five claims:
1) Violations of the Consumer Legal Remedies Act ("CLRA"), Cal Civ. Code § 1750;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1791 AG (DFMx) | Date | March 31, 2014 |
|---|---|---|---|
| Title | CONSTANCE SIMS et al. v. KIA MOTORS AMERICA, INC. et al. | | |

2) Violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; 3) False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500; 4) Breach of Implied Warranty of Merchantability, Cal. Com. Code § 2314; and 5) Fraudulent Concealment.

**PRELIMINARY MATTERS**

**1.      REQUEST FOR JUDICIAL NOTICE**

To support their Motion, Defendants request that the Court take judicial notice of five vehicle reports from the National Highway and Traffic Safety Administration ("NHTSA"),which each gave a Kia vehicle a five-star safety rating, and five vehicle reports from the Insurance Institute of Highway Safety ("IIHS"), which each identified a Kia vehicle as a "Top Safety Pick" of the year. (Request for Judicial Notice, Dkt. No. 32.) Plaintiffs oppose taking judicial notice of the truth of any statement asserted in any of these documents, but do not oppose taking judicial notice of the existence of the documents. (Response to Request for Judicial Notice, Dkt. No. 39, at 4–5.)

Under Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Courts may take judicial notice of "matters of public record." *Id.* But courts may not take judicial notice of a fact that is "subject to reasonable dispute." *Id.* Thus, courts may take judicial notice of "*undisputed* matters of public record," but may not take judicial notice of "*disputed* facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (emphasis in original). Facts subject to judicial notice may be considered on a motion to dismiss. *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

Because the NHTSA reports are government records, the Court GRANTS the Request for Judicial Notice as to the NHTSA reports. In considering these documents, the Court takes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1791 AG (DFMx) | Date | March 31, 2014 |
|---|---|---|---|
| Title | CONSTANCE SIMS et al. v. KIA MOTORS AMERICA, INC. et al. | | |

note only of their existence, not the truth of their contents.

Because the IIHS reports are not matters of public record, the Court DENIES the Request for Judicial Notice as to these documents. But on a Motion to Dismiss, the Court may also *consider* documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). Because the contents of the IIHS reports are alleged in the Complaint, and Plaintiffs do not oppose the Court's consideration of the existence of these documents, the Court considers these documents.

**2.     FOOTNOTES**

The briefing from both sides is generally quite good. But the parties diminish the effectiveness of their advocacy by using footnotes to circumvent page limitations.[1]

Plaintiff moves to dismiss the case for lack of standing, to dismiss the case for failure to state a claim under Rule 12(b)(6), and to strike allegations. The Court addresses each set of arguments in turn.

**STANDING**

---

[1]*See* Andrew J. Guilford, *Legal Writing: A contract between the reader and writer*, California Bar Journal, Nov. 2010, at 3, *available at* http://court.cacd.uscourts.gov/CACD/JudgeReq.nsf/2fb080863c88ab47882567c9007fa070/5359419014eb2dae882579f5006b0824?OpenDocument ("Know that judges are not blind to the tactic of squeezing excessive words under a page limitation by using single-spacing and smaller type in footnotes.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1791 AG (DFMx) | Date | March 31, 2014 |
|---|---|---|---|
| Title | CONSTANCE SIMS et al. v. KIA MOTORS AMERICA, INC. et al. | | |

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) because Plaintiffs have not suffered a cognizable injury, and therefore lack Article III standing. Defendants also argue, even if Plaintiffs had standing to sue for defects for their own vehicles, Plaintiffs would not have standing to sue for defective Kia vehicles made in different years or that are different models.

The Court rejects these arguments and DENIES the Motion to Dismiss for lack of standing.

## 1.    LEGAL STANDARD

Because standing concerns a federal court's subject matter jurisdiction under Article III, it is properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). To satisfy Article III's standing requirement, a plaintiff must show: (1) that the plaintiff has suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent," (2) that there is a "causal connection between the injury and the conduct complained of," and (3) that it is "'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted).

"At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Id*. at 561 (internal quotation marks and alteration omitted). This standard from *Lujan*, rather than the general standards for assessing a failure to state a claim under *Twombly* and *Iqbal*, apply to determining standing at the pleading stage. *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) ("*Twombly* and *Iqbal* are ill-suited to application in the constitutional standing context . . . .").

## 2.    ANALYSIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1791 AG (DFMx) | Date | March 31, 2014 |
|---|---|---|---|
| Title | CONSTANCE SIMS et al. v. KIA MOTORS AMERICA, INC. et al. | | |

### 2.1    Cognizable Injury

Plaintiffs have alleged economic injury, which is sufficient for constitutional standing. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011) (holding that allegations that plaintiffs paid more for their homes than the homes were worth because defendants failed to make disclosures required by law were sufficient for standing). Plaintiffs have alleged that the gas tanks have specific defects. (SAC ¶¶ 20–36.) They allege that a car with these defects is worth less than a car without the defects. (*Id.* ¶ 50.) And they allege that, absent Defendants' representations about safety and Defendants' concealment of the gas tank defects, Plaintiffs would not have purchased the vehicles or would have paid a lower price. (*Id.* ¶¶ 13–14, 51.) These allegations, which the Court takes as true at the pleading stage, are sufficient to show that Plaintiffs suffered concrete harm. *Compare In re Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1165 (C.D. Cal. 2011) (finding that plaintiffs had sufficiently alleged economic harm in a vehicle defect case based on similar allegations); *with Birdsong v. Apple, Inc.*, 590 F.3d 955, 961–62 (9th Cir. 2009) (holding that plaintiffs had not alleged economic harm where plaintiffs "failed to allege a cognizable defect" and also failed to allege that defendant made representations about the product's safety).

Defendants argue that there are not sufficiently detailed allegations of diminished value, and that Plaintiffs do not "plausibly" allege a defect. But as the Court has already discussed, in assessing standing at the pleading stage, "general factual allegations" are sufficient and the Court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561. To the extent Defendants rely on the standards of *Iqbal* and *Twombly* in challenging standing at the pleading stage, rather than the standard under *Lujan*, Defendants' arguments are misplaced. *See Maya*, 658 F.3d at 1068. For the purposes of standing, Plaintiffs have adequately alleged diminished value resulting from a defect.

The Court concludes that Plaintiffs have sufficiently pleaded cognizable economic harm.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1791 AG (DFMx) | Date | March 31, 2014 |
|---|---|---|---|
| Title | CONSTANCE SIMS et al. v. KIA MOTORS AMERICA, INC. et al. | | |

## 2.2   Other Vehicle Models

Plaintiffs seek to represent a class of everyone who has purchased or leased Kia vehicles with the specific defects alleged in the SAC, which includes some Kia models that Plaintiffs do not own. (*See* SAC 13–14, 63, 65.) Defendants argue that Plaintiffs only have standing to bring claims for vehicles of the same model and year as the vehicles Plaintiffs' own—the 2013 Kia Soul Sport, 2011 Kia Soul Exclaim, and 2013 Kia Soul Exclaim—and Defendants ask the Court to limit class allegations to those particular models. Plaintiffs respond that the issue is one of class certification, not one of standing.

Courts have gone both ways on this issue. For example, in *Mlejnecky v. Olympus Imaging America Inc.*, the court held that a named plaintiff did not have standing to sue for defects in the Stylus 850 camera, even though the Stylus 850 had the same underlying defect as the Stylus 1030 camera that plaintiff did own. 2011 WL 1497096, at *4 (E.D. Cal. 2011). In *Donohue v. Apple, Inc.*, the court disagreed with the analysis in *Mlejnecky*, concluding instead that whether plaintiffs could represent purchasers of different iPhone models with the same defect was a class certification question. 871 F. Supp. 2d 913, 922 (N.D. Cal. 2012).

In *Dysthe v. Basic Research LLC*, this Court held on summary judgment that a plaintiff lacked standing to bring false advertising claims based on a weight-loss product, Relacore, when the evidence showed that she had only purchased a separate product, Relacore Extra. 2011 WL 5868307 (C.D. Cal. June 13, 2011). But *Dysthe* differs from this case in two important respects. First, in *Dysthe*, the plaintiff had not purchased the only product that formed the basis of her complaint. *Id.* at *2. Here, by contrast, Plaintiffs have purchased at least some of the vehicles described in the SAC. The issue is not whether they have standing at all, but rather how broadly their claims can extend. Second, in *Dysthe*, the Court had evidence that the two products were distinct. *Id.* at *6. Here, by contrast, the Court cannot yet evaluate whether the vehicles have the same gas tank construction.

In the circumstances of this case, the issue strikes the Court as one better dealt with at the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1791 AG (DFMx) | Date | March 31, 2014 |
|---|---|---|---|
| Title | CONSTANCE SIMS et al. v. KIA MOTORS AMERICA, INC. et al. | | |

class certification stage. Defendants do not explain why the "model" of the vehicle Plaintiffs own categorically determines which owners they have standing to represent. Take Plaintiff Sims, who owns the 2013 Kia Soul Sport, and let's assume that her car is white. It would seem silly to argue—and Defendants don't—that Plaintiff Sims wouldn't have standing to represent owners of blue 2013 Kia Soul Sports. Even though those two vehicles aren't identical in all respects, the difference between them isn't material to the claims. Similarly, if the only difference between one Kia model and another is, say, tinted windows or an upgraded stereo system, it isn't clear why Plaintiffs would lack standing to represent owners of both when Plaintiffs' claims concern the same faulty gas tank.

It may be that the differences between the models are material and substantial enough that Plaintiffs cannot represent the owners of all of them. But these are questions of adequacy, typicality, or predominance of common issues, issues better resolved at the class certification stage. *See Donohue*, 871 F. Supp. at 922.

The Court declines to limit Plaintiffs' class allegations at this time.

**FAILURE TO STATE A CLAIM**

Defendants move to dismiss each of Plaintiffs' claims for failure to state a claim. The Court DISMISSES all of Plaintiffs' claims with leave to amend those claims.

**1.     LEGAL STANDARD**

A court should grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when, "accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party," a complaint fails to state a claim upon which relief can be granted. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); *see* Fed. R. Civ. P. 12(b)(6). "[D]etailed factual allegations" aren't required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). But there must be "sufficient allegations of underlying facts to give fair notice and to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1791 AG (DFMx) | Date | March 31, 2014 |
|---|---|---|---|
| Title | CONSTANCE SIMS et al. v. KIA MOTORS AMERICA, INC. et al. | | |

enable the opposing party to defend itself effectively . . . [and] plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Fraud claims must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires enough specificity to give a defendant notice of the particular misconduct to be able to defend against the charge. *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal citations omitted). To satisfy this specificity requirement, "the who, what, when, where, and how" of the misconduct must be alleged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). Thus, factual allegations must include "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Where the allegations in support of a claim fail to satisfy the heightened pleading requirements of Rule 9(b), the claim is subject to dismissal. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

If a court dismisses a claim, it must also decide whether to allow the plaintiff to amend the complaint. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But the "court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citation omitted).

## 2.   ANALYSIS

### 2.1   CLRA, UCL, FAL, and Fraudulent Concealment Claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1791 AG (DFMx) | Date | March 31, 2014 |
|---|---|---|---|
| Title | CONSTANCE SIMS et al. v. KIA MOTORS AMERICA, INC. et al. | | |

Defendants argue that Plaintiff's CLRA, UCL, FAL, and fraudulent concealment claims all fail for two, independent reasons. First, because the allegations supporting these claims fail to meet Federal Rule of Civil Procedure 9(b)'s heightened standards. Second, because these claims all rely on statements of Defendants that aren't actionable because they are either true statements or are puffery. The Court addresses each argument in turn.

### 2.1.1   Rule 9(b) Pleading Requirements

Defendants argue that, because Plaintiffs fail to allege the specific advertisements they relied on and why those advertisements are misleading, these claims should be dismissed for failing to meet the Rule 9(b) pleading requirements. The Court agrees.

In the SAC, Plaintiffs allege that they "saw advertisements for Kia vehicles," and though they do "not recall the specifics of many of those advertisements, [they] do recall that safety and quality were consistent themes." (SAC ¶¶ 13–14.) Later in the SAC, Plaintiffs provide examples of specific advertisements for Kia vehicles, though they do not allege that they saw any of these advertisements. (*Id.* ¶¶ 37–43.) Some of these advertisements are for vehicles in the class definition, though others are promotional materials for other Kia vehicles. (*Compare id.* ¶ 41 (advertising and promotional materials for the Soul, a vehicles within the class); *with id.* ¶ 40 (representations contained in a brochure for the Sedona, Optima, and other models not within the class).)

These allegations do not meet the Rule 9(b) standards. The allegations leave Defendants to guess which, if any, of the promotional materials Plaintiffs relied on. *See In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) ("Rule 9(b) serves to give defendants adequate notice to allow them to defend against the charge . . . .") Though Plaintiffs cite cases where fraudulent misrepresentations were held to satisfy Rule 9(b), it doesn't appear that the plaintiffs' exposure to or reliance on the representations were disputed in those cases.

Plaintiffs also seem to argue that their claims don't trigger Rule 9(b). But Rule 9(b)'s particularity requirement can apply even where fraud is not a necessary element of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1791 AG (DFMx) | Date | March 31, 2014 |
|---|---|---|---|
| Title | CONSTANCE SIMS et al. v. KIA MOTORS AMERICA, INC. et al. | | |

claim. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). If the plaintiff alleges a "unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as a basis of a claim," then the claim is "grounded in fraud" and the "pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Id.* 1103–04. If, on the other hand, the plaintiff alleges some fraudulent and some non-fraudulent conduct, the Court applies Rule 9(b) only to the allegations of fraud, disregards those that don't meet the Rule 9(b) standards, and then determines whether a claim has been stated. *Id.* at 1104–05.

Plaintiffs don't contest that allegations of fraud underlie all of these claims. But they point to their allegations that Defendants were "well aware of the need to affix the gas tank by using reinforcing straps" and that Defendants "possessed vastly superior information to that of consumers" about the design of the gas tanks. (SAC ¶¶ 32, 46.) But Plaintiffs don't provide any argument as to why these allegations, if the Court disregards all allegations of fraud, are sufficient to support their claims.

Therefore, the Court DISMISSES the CLRA, UCL, FAL, and fraudulent concealment claims with leave to amend those claims.

### 2.1.2   Non-Actionable Statements

Alternatively, Defendants argue that these claims should be dismissed because the statements that Plaintiffs allege misled consumers are either puffery or are statements that Plaintiffs haven't alleged to be false. "Generalized, vague and unspecific assertions" are "mere 'puffery' upon which a reasonable consumer could not rely." *Glen Holly Entertainment, Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003). While "misdescriptions of specific or absolute characteristics of a product are actionable," "[a]dvertising which merely states in general terms that one product is superior is not actionable." *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 246 (9th Cir. 1990). For example, courts have found phrases like "high quality," "reliable," and "latest technology" to constitute non-actionable puffery. *See Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1140 (C.D. Cal. 2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1791 AG (DFMx) | Date | March 31, 2014 |
|---|---|---|---|
| Title | CONSTANCE SIMS et al. v. KIA MOTORS AMERICA, INC. et al. |

Most of the statements that Plaintiffs allege falsely promoted the safety of Defendants' vehicles are puffery. For example, Plaintiffs allege that Defendants advertised that their vehicles are of "world-class quality," give consumers "peace of mind," and "are engineered to help ensure everyone's well-being." (*See* SAC ¶¶ 37–44.) Plaintiffs seem to argue that representations about safety cannot constitute puffery as a matter of law in California. But that is not the law. *See Hauter v. Zogarts*, 14 Cal. 3d 104, 111 (1975) ("If defendants' assertion of safety is merely a statement of opinion—mere 'puffing'—they cannot be held liable for its falsity."). The cases cited by Plaintiffs merely show that specific, verifiable statements of fact related to safety are actionable. *See Continental Airlines, Inc. v. McDonnell Douglas Corp.*, 216 Cal. App. 3d 388, 427 (1989) (holding that a statement that a "gear was designed to break away without rupturing the fuel tank" was not puffery).

Defendants further argue that the other representations that they allegedly made are not actionable because they aren't false. For example, Defendants allegedly stated that Kia Soul received safety awards from IIHS and NHTSA, and that the Soul has "active safety systems . . . engineered to help you avoid accidents." (*See* SAC ¶¶ 41–44.) But Plaintiffs have not alleged that those statements are false.

The Court agrees that, to the extent Defendants' claims rely on these statements, Defendants have not adequately alleged claims based on a theory of misrepresentation. But neither party has sufficiently briefed whether the claims nonetheless survive because Defendants have a duty to disclose. Because the Court has already decided that the claims fail under Rule 9(b), it need not determine whether Defendants' puffery argument provides another independent reason to dismiss the claims.

## 2.2    Breach of the Implied Warranty of Merchantability

In their breach of the implied warranty of merchantability claim, Plaintiffs allege that their vehicles "are not fit for the ordinary purpose for which cars are used." (SAC ¶ 111.) Defendants argue that Plaintiffs haven't stated a claim for the implied warranty of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1791 AG (DFMx) | Date | March 31, 2014 |
|---|---|---|---|
| Title | CONSTANCE SIMS et al. v. KIA MOTORS AMERICA, INC. et al. | | |

merchantability because Plaintiffs haven't alleged that the defect has manifested in their vehicles or is substantially certain to manifest. Plaintiffs have alleged that there is "at least one accident" involving an exploding gas tank with a defective Kia vehicle in Texas. (Id. ¶ 5.)

Under California law, the implied warranty of merchantability requires that goods are "fit for the ordinary purposes for which such goods are used." Cal. Com. Code § 2314(2)(c). "[A] breach of the implied warranty of merchantability means the product [does] not possess even the most basic degree of fitness for ordinary use." *Mocek v. Alfa Leisure, Inc.*, 7 Cal. Rptr. 3d 546, 549 (Cal. App. 2003). Though the manifestation of a defect is not a necessary element of a claim for breach of the implied warranty of merchantability, the plaintiff must at least show that the product "contains an inherent defect which is substantially certain to result in malfunction during the useful life of the product." *Hicks v. Kaufman & Broad Home Corp.*, 89 Cal. App. 4th 908, 918 (Cal. App. 2001); *see also American Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1298 (1995) (concluding that owners of vehicles were not entitled to assert a breach of implied warranty action when "the evidence presented demonstrated that only a small percentage of the Samurais sold during the class period have been involved in rollover accidents").

Plaintiffs argue that *American Suzuki* is distinguishable because it was not decided at the pleading stage, and the court there had evidence that there was a low probability of malfunction. 37 Cal. App. 4th at 1298. Plaintiffs are correct that they are not required to present evidence of a substantial certainty of malfunction at this stage. But they must still provide sufficient allegations. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009) (citing *Hicks* and *American Suzuki*, and upholding the dismissal of an implied warranty claim on a motion to dismiss). In arguing against dismissal of this claim, Plaintiffs fail to meaningfully distinguish *Birdsong*.

The Court GRANTS the Motion to Dismiss as to the breach of implied warranty of merchantability claim with leave to amend that claim.

**MOTION TO STRIKE**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1791 AG (DFMx) | Date | March 31, 2014 |
|---|---|---|---|
| Title | CONSTANCE SIMS et al. v. KIA MOTORS AMERICA, INC. et al. | | |

Defendants move to strike the class allegations of the SAC, and also to strike paragraph eighteen of the SAC. The Court STRIKES paragraph eighteen, but declines to strike class allegations at this time.

## 1.    LEGAL STANDARD

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts must view the pleadings under attack in the light most favorable to the pleader. *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000). Motions to strike portions of a pleading are "generally disfavored," and "generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation." *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1209 (C.D. Cal. 2008).

## 2.    ANALYSIS

### 2.1    Class Allegations

Defendants move to strike the nationwide class allegations, arguing that it is clear that a nationwide class cannot be maintained under *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012). In *Mazza*, the Ninth Circuit vacated the certification of a nationwide class suing an auto manufacturer for claims under California consumer protection laws. After a complex choice-of-law analysis, the court concluded that "variances in state law overwhelm common issues and preclude predominance for a single nationwide class." *Id.* at 596. Defendants argue that here, as in *Mazza*, it is clear that variations in state law overwhelm common issues.

While class allegations may be stricken at the pleading stage when the complaint itself demonstrates that a class action cannot be maintained, striking class allegations "before discovery has commenced is rare." *In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) ("[T]he better course is to deny

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1791 AG (DFMx) | Date | March 31, 2014 |
|----------|------------------------|------|----------------|
| Title | CONSTANCE SIMS et al. v. KIA MOTORS AMERICA, INC. et al. | | |

such a motion because the shape and form of a class action evolves only through the process of discovery." (internal quotation marks omitted).) Noting that *Mazza* was decided on a motion for class certification rather than a motion to strike, many courts have declined to strike class allegations under *Mazza* at the pleading stage. *See, e.g.*, *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1237 (N.D. Cal. 2012) ("Since the parties have yet to develop a factual record, it is unclear whether applying different state consumer protection statutes could have a material impact on the viability of Plaintiffs' claims.).

The parties dispute whether further factual development will change the *Mazza* analysis in this case. But even the possibility of additional motion practice at the pleading stage—let alone discovery—make it premature to determine whether Plaintiffs can maintain a class action. This Order dismisses all of Plaintiff's claims under Rule 12(b)(6) with leave to amend those claims. What Plaintiffs allege in any amended complaint, and what claims ultimately survive any future motions to dismiss, will further shape whether variations in state laws predominate over common issues as to Plaintiffs' claims.

Accordingly, the Court declines to rule on whether Plaintiffs can maintain a class action at this time.

### 2.2    Ford Pinto Allegations

Defendants move to strike paragraph eighteen of the SAC. That paragraph makes allegations about the defects of the Ford Pinto in the 1960s and 1970s, the resulting deaths by fire, Ford's decision to sell the Pinto because profits would outweigh liability for wrongful deaths, and the eventual recall. (SAC ¶ 18.)

The Court agrees with Defendants that this paragraph should is superfluous and unduly prejudicial. "Superfluous historical allegations are a proper subject of a motion to strike." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). Plaintiffs attempt to justify

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1791 AG (DFMx) | Date | March 31, 2014 |
|----------|------------------------|------|----------------|
| Title | CONSTANCE SIMS et al. v. KIA MOTORS AMERICA, INC. et al. | | |

these allegations by arguing that ever since the Pinto deaths, "the industry (including Kia) has been on notice that it must take reasonable steps to protect against the danger of gas fires in collisions." (Opposition, Dkt. No. 38, at 25.) But Plaintiffs do not allege that Defendants were on notice of the particular defects here because of the Pinto deaths. Rather, they allege that Defendants were aware of the defects for other reasons. (*See* SAC ¶¶ 32, 94.) The primary purpose of these allegations is to vaguely associate this lawsuit with the litigation and tragic deaths from the Pinto defects, which will prejudice Defendants and confuse the issues.

The Court STRIKES paragraph eighteen.

**DISPOSITION**

The Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss. The Court DISMISSES all of Plaintiffs' claims with leave to amend those claims. The Court also STRIKES paragraph 18 of the SAC. The Court declines strike Plaintiffs' class allegations at this time, or to dismiss Plaintiffs for lack of standing.

The Court reaches these results after reviewing all arguments in the parties' papers. Any arguments not specifically addressed were either unpersuasive, not adequately developed, or not necessary to reach given the Court's holdings.

Though this is a Second Amended Class Action Complaint, the Court concludes that Plaintiffs could possibly cure its deficiencies. *See Telesaurus*, 623 F.3d at 1003. The Court GRANTS leave to amend within fourteen days of the date of this Order.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1791 AG (DFMx) | Date | March 31, 2014 |
|---|---|---|---|
| Title | CONSTANCE SIMS et al. v. KIA MOTORS AMERICA, INC. et al. | | |